No. 157
STATE ex rel ATTY. GEN. v. DOLLINGS CO. et al

Ohio Appeals, 4th Dist., Franklin County No. 1141. Decided Jan. 18, 1924

313.4 CORPORATIONS—In quo warranto in Court of Appeals, the previous appointment of a receiver in the Common Pleas is a proper defense, and will be considered in deciding whether to appoint trustees.

BY THE COURT.

Epitomized Opinion
First Publication of this Opinion

Original action in this court in quo warranto by the State asking that defendants, the R. I. Dollings Co. and several subsidiary corporations, be dissolved and that trustees be appointed to wind up their affairs.

In the answer of each defendant there was a second defense, setting up that before the commencement of this action a receiver for the defendant Dollings Company had been appointed by the Common Pleas. Plaintiff demurred to the second defense of each answer. Held:

This action seeks a prerogative writ. The nature and extent of the relief granted are in a manner discretionary with this court. Under 12325 GC., although the word "shall" is used in the statute, the court may exercise a reasonable discretion in the oppointment of trustees.

If the question of trusteeship were reached in this case this court would inquire into the existence of receiverships in the court below and whether trusteeships here would be to the interest and advantage of the public. The Common Pleas receiverships, then, may be properly considered in the case. Hence the second defense should remain. The demurrers thereto are overruled.

Attorneys—C. C. Crabbe, Atty Gen., and N. H. Griswold and Wm. J. Meyer, for State; Turner, Galland, Summers & Gearhart, for Dollings Co. et al; all of Columbus.

# This Weeks Digest

## DIGEST OF OPINIONS
### Published in This Week's Abstract

**45. ADVERSE POSSESSION.**
Establishing title by. Fritz v. Kreitzer, OS. Pend. 2 Abs. 152.

**37. ADVERTISING RATES.**
Excessive charges for additional insertions. Cleveland v. Legal News Pub. Co., OS. Pend. 2 Abs. 53.

**103. AMUSEMENTS.**
Dowd v. Cincinnati, OS. Pend. 2 Abs. 153.
See 1053, Roads.

**112. ATTACHMENT.**
Priority between injunction (639) proceedings in Tenn. and subsequent Ohio attachment. Lonsdale Mfg. Co. v. Ascherenka, OS. Pend. 2 Abs. 84.

**118. AUTOMOBILES.**
Driver stopping automobile, (829) after having sounded warning of approach, within its length, after striking boy of 7 years will not be reversed notwithstanding evidence was conflicting. Erskine v. Kroeck, OA. 2 Abs. 155.

Power of Commission to deny applications for certificates of public convenience. Mc Lain v. P. U. C., OS. Pend. 2 Abs. 118.
See 829, Negligence.

**182. BROKERS.**
Burden is on real estate (997) broker to establish contract to sell and verdict of jury finding no contract to pay commissioner will not be reversed. Van Epp. v. Mast, OA. 2 Abs. 155.

**147. CHECK.**
In a prosecution for violation of 710-176 GC. court not justified in taking case of state from jury, upon mere proof (480) of past consideration for check. State v. Lowesnstein, OS. 2 Abs. 149.

**225. CHARGE TO JURY.**
Error in charge as to duty of motorman on street car (1115). Rickets v. Cinti. Trac. Co. 2 Abs. 84.
See 465, Error.

**291. CONSTITUTIONAL LAW.**
Dow v. Cincinnati, OS. Pend. 2 Abs. 153.

**297. CONTRACTS.**
Failure of plaintiff to fully perform contract held to justify judgment for defendant. Taplin Co. v. Hazlett, OA. 2 Abs. 155.

Question of fact only. Starr Piano Co. v. Woldman, OS. Pend. 2 Abs. 71.

Action to rescind and cancel, as to real estate. Courtright v. Scrimger, OS. Pend. 2 Abs. 135.

Construction of milling agreement and for sale of flour. New Prague Co. v. Fisher, OS. Pend. 2 Abs. 136.

Inability to make and undue influence in securing. Rickey v. Baughman, OS. Pen. 2 Abs. 136.
See 465, Error.

**313. CORPORATIONS.**
In Quo Warranto (985) in Court of Appeals the previous appointment of a receiver (1002) in Common Pleas is a proper defense, and will